# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| THOMAS D. BURNS, SR., <br><br> Plaintiff, <br><br> v. <br><br> MONTGOMERY COUNTY CHILD PROTECTIVE SERVICES, <br><br> Defendant. | Civil Action No. TDC-16-3273 |
| THOMAS D. BURNS, SR., <br><br> Plaintiff, <br><br> v. <br><br> LESLIE HENRIQUEZ, <br><br> Defendant. | Civil Action No. TDC-16-3275 |

**MEMORANDUM ORDER**

On September 28, 2016, Plaintiff Thomas D. Burns, Sr. filed two lawsuits in this Court using the same Complaint in each. He also filed a Motion for Leave to Proceed In Forma Pauperis in each case.

Turning first to the Motions, based on the information Burns provides, he appears to be indigent. The motions shall therefore be granted. *See* 28 U.S.C. § 1915(a)(1) (2012) (authorizing courts to allow indigent parties to proceed "without prepayment of fees").

28 U.S.C. § 1915 instructs district courts that they "shall dismiss [a] case" filed by a plaintiff proceeding *in forma pauperis* if the court determines that the action "is frivolous or

malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Here, because Burns is proceeding *pro se* and *in forma pauperis*, the Court must screen the Complaints to determine if the cases must be dismissed pursuant to 28 U.S.C. § 1915(e)(2). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, a *pro se* plaintiff must still carry "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

Here, Burns seeks custody of his children, who appear to have been removed from his care by the Montgomery County Child Protective Services ("MCCPS"), which he names as the defendant in the first of his lawsuits. In support of this request, Burns alleges that Leslie Henriquez, a MCCPS case worker who is named as the defendant in the second lawsuit, committed perjury when testifying in the state court custody proceedings and that she tampered with evidence used in those proceedings. He also alleges that the judge presiding over that case ignored evidence favorable to Burns and was unfairly biased, so much so that the proceedings amounted, in his estimation, to a "kangaroo court." Compl. at 9, ECF No. 1. Based on these allegations, Burns asks that all of Henriquez's testimony and evidence be stricken, that the state court proceedings be "dismissed as a mistrial," and that the state court judge be required to recuse herself from presiding over his case. *Id.* at 5-6. He also asks to be awarded custody of his children and for $6,000,000,000 in damages.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because questions of

subject matter jurisdiction concern the court's power to hear the case, they must be resolved before the court can turn to the sufficiency or merits of a claim. *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible without exception." (internal citation and quotation marks omitted)).  Federal courts have original jurisdiction over civil cases, with some exceptions not relevant here, only in two instances: (1) under federal question jurisdiction, meaning that the case involves an issue of federal law, *see* 28 U.S.C. § 1331, or (2) under diversity jurisdiction, meaning, as relevant here, that the parties in the case are citizens of different states and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.

Burns indicates that his causes of action are fraud claims that fall under federal question jurisdiction.  However, to the extent that Burns asserts that the state court child custody proceedings were tainted by fraud and thus seeks to have this Court revisit or rehear that case, this Court cannot do so for two reasons.  First, the "domestic relations exception" to federal jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)  This Court does not have the power to provide Burns the primary remedy he seeks, namely, custody of his children.

Second, "[u]nder the *Rooker–Feldman* doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *American Reliable Ins. Co. v. Stillwell,* 336 F.3d 311, 316 (4th Cir. 2003) (quoting *Johnson v. De Grandy,* 512 U.S. 997, 1005–06 (1994)).  This doctrine applies both to final and interlocutory orders of state courts. *Brown & Root, Inc. v. Breckenridge,* 211 F.3d 194, 199 (4th Cir. 2000).  The doctrine bars "lower federal courts from considering not only issues

raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court." *Washington v. Wilmore,* 407 F.3d 274, 279 (4th Cir. 2005) (quoting *Dist. of Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462, 486 (1983)).  An issue is "inextricably intertwined" when it "was not actually decided by the state court but where success on the ... claim depends upon a determination that the state court wrongly decided the issues before it." *Brown & Root, Inc.,* 211 F.3d at 198.  Because the doctrine is jurisdictional, courts "are obliged to address it before proceeding" to the merits of a given case. *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 196 (4th Cir. 2002).

Although it is unclear whether Burns expressly raised in the state court proceedings his present allegations that Henriquez's testimony was perjured and her evidence was tainted, because Henriquez was the MCCPS case worker involved in the child custody determination, the question of the admissibility and credibility of her evidence was necessarily before the state court during the child custody proceedings.  Burns's present allegations against Henriquez, and the claims of fraud to which they give rise, are therefore inextricably intertwined with the state court's child custody determination.  Further, although Burns names Henriquez and MCCPS as defendants, the core premise of his claims in both suits is that the state child custody proceedings were a sham.  He seeks to have this Court revisit the state court child custody proceedings, as evidenced by the fact that he expressly asks this Court to grant him custody of his children, a remedy that would essentially overturn the determination of the state court. *Rooker-Feldman* bars this Court from doing so. *See American Reliable Ins. Co.,* 336 F.3d at 316 ("A litigant may not circumvent the[] jurisdictional mandates [of *Rooker–Feldman*] by instituting a federal action which, although not styled as an appeal, amounts to nothing more than an attempt to seek review

of the state court's decision by a lower federal court.") (internal quotation marks, brackets, and citation omitted).  This Court therefore lacks jurisdiction to hear Burns's claims.

Accordingly, it is hereby ORDERED that:

1. The Motion for Leave to Proceed In Forma Pauperis in TDC-16-3273, ECF No. 2, is GRANTED;

2. The Motion for Leave to Proceed In Forma Pauperis in TDC-16-3275, ECF No. 2, is GRANTED; and

3. Both cases, TDC-16-3273 and TDC-16-3275, are DISMISSED.

The Clerk is directed to close these cases.

Date:   October 18, 2016                             /s/
                                        THEODORE D. CHUANG
                                        United States District Judge